UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIE J. WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:02-cr-131 |
| | ) | 3:07-cv-467 |
| | ) | *Judge Jordan* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Willie J. Warren ("petitioner"). The government filed a motion for a one-day extension of time to file it response, along with its response to the motion, and petitioner has filed his reply. The motion for extension of time [Court File No. 57] will be **GRANTED**. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255,

petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Petitioner was convicted by a jury of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to consecutive terms of imprisonment of 120 months and 20 months on counts one and two, respectively, for a total effective sentence of 140 months. [Criminal Action No. 3:02-cr-131, Court File No. 25, Judgment]. Petitioner filed a notice of appeal, which he subsequently moved to dismiss; the Sixth Circuit granted the motion and dismissed the appeal. *United States v. Warren*, No. 04-5775 (6th Cir. March 15, 2005). [*Id.*, Court File No. 35, Order].

The parties then filed a joint motion to reinstate the appeal and remand the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), and for dismissal of

count two at the time of resentencing; the Sixth Circuit granted the motion to reinstate the appeal. [*Id.*, Court File No. 36, Order filed May 16, 2005]. The Sixth Circuit then remanded for resentencing in light of *Booker*. [*Id.*, Court File No. 37, Order filed June 3, 2005]. On remand, petitioner was sentenced to a term of imprisonment of 110 months on count one and count two was dismissed on motion of the government. [*Id.*, Court File No. 42, Amended Judgment]. The sentence was affirmed. *United States v. Warren*, No. 05-6907 (6th Cir. Dec. 14, 2006). [*Id.*, Court File No. 49, Order]. In support of his § 2255 motion, petitioner alleges several instances of ineffective assistance of counsel, as well as error on the part of the district court.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective

3

standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner first alleges that his attorney was ineffective by waiting almost a year to send petitioner the latest decision by the Sixth Circuit denying his appeal. Because petitioner timely filed his § 2255 motion, he was not prejudiced by this delay and he has failed to demonstrate ineffective assistance of counsel in that regard.

Petitioner next alleges that his attorney failed to inquire into the district court's reasons under § 3553 for the imposition of the sentence during resentencing. Petitioner's underlying claim, that his sentence was unreasonable and that the court failed to give reasons justifying the sentence, was rejected on direct appeal:

4

In determining Warren's sentence under § 3553, the district court looked to the nature and circumstances of the weapon offense, stating that Warren was found to have committed the offense of being a felon in possession of a firearm after he pawned the weapon. The court further noted that there was no evidence that Warren had stolen the weapon or that it was used to commit a felony. The court continued, discussing the characteristics of the defendant, i.e., that he was forty-four years old; he had a lengthy criminal history that primarily involved drug crimes; and that he had a history of abusing drugs. The court recommended that Warren spend 500 hours in a drug treatment program, and recommended that Warren try to obtain his GED while in prison. The guidelines range of 100 to 120 months was noted, and the court stated that it found that a 110-month sentence was reasonable because it would demonstrate how serious the offense was, and it would constitute a just punishment. The court further noted that the sentence would adequately deter Warren from committing further crimes, and that it would provide Warren with a sufficient amount of time to complete the recommended drug treatment program and further his education.

Warren argues that the district court did not adequately explain, under § 3553, its reasons for imposing the sentence. However, this court has "never required the ritual incantation of the [§ 3553] factors to affirm a sentence." *United States v. Cage*, 458 F.3d 537, 543 (6th Cir. 2006) (internal quotation marks and citation omitted).

In the present case, the district court mentioned the guidelines range and many of the § 3553 factors, and even Warren admits that the court provided "three concrete reasons for the sentence" -- i.e., his lengthy criminal record, which primarily involved drug offenses, the district court judge's wish for Warren to participate in the 500-hour prison drug treatment program, and the judge's wish for Warren to work towards his GED while incarcerated. (Warren's Br. at p. 21). This, together with the district court's statements that the 110-month sentence would provide adequate deterrence, that it reflected the seriousness of the offense, and that it provided just punishment, show that the district court properly considered the § 3553 factors. *See Cage*, 458 F.3d at 544 (stating that the district court did not need to recite the statutory factors, and that the district court's acknowledgment of the § 3553 factors, as well as the guidelines range, was sufficient to render the sentence reasonable).

Moreover, the sentence imposed was reasonable. The sentence imposed by the district court fell within the advisory guidelines range and, therefore, it is presumptively reasonable. *Id*. at 543.

5

*United States v. Warren*, No. 05-6907, slip op. at 3 (6th Cir. Dec. 14, 2006) (Order) [Criminal Action No. 3:02-cr-131, Court File No. 49].

Accordingly, petitioner's claim of ineffective assistance of counsel lacks merit in this regard. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner also alleges that his attorney failed to impeach the credibility of the government's witness. Petitioner specifically alleges that the witness who testified regarding the pawn ticket was not the original pawn broker at the time of the transaction. Petitioner also alleges that counsel should have moved to suppress the evidence because there was no original pawn ticket and thus the transaction could not be verified. Along those lines, petitioner claims that the district court erred by allowing into evidence a copy of the pawn ticket, and that counsel was ineffective by failing to raise the issue on appeal.

Greg Dykes testified that he was the manager of Knox Jewelry & Loan, a pawn shop located on Magnolia Avenue in Knoxville, Tennessee. [Criminal Action No. 3:02-cr-131, Court File No. 30, Transcript of Evidence at Trial, p. 17]. He further testified as to the procedures the shop employed when pawning an item for an individual in order to ensure the identity of the customer. [*Id*. at 18-19]. Mr. Dykes identified government Exhibit 3 as a copy of a pawn ticket from his store dated June 12, 1999, to Willie J. Warren for a Marlin .22 rifle; the ticket was written by another clerk. [*Id*. at 19-21]. Mr. Dykes also testified that

the original pawn ticket was retained by the shop for four years as required by state law and then was destroyed. [*Id*. at 20].

Pursuant to Rule 803(6) of the Federal Rules of Evidence, a "qualified witness" may testify as to the "record of an act" by a business if "the record was made at or near the time" of the act by someone with knowledge, "the record was kept in the course of a regularly conducted activity" of the business, and "making the record was a regular practice of that activity." Clearly, Mr. Dykes was a qualified witness under this rule of evidence, his testimony was properly admitted, and any objection to Mr. Dykes' testimony would have been frivolous.

Nevertheless, counsel did cross-examine Mr. Dykes concerning the fact that he was not the clerk who handled the pawn ticket in question, did not personally know who pawned the firearm, and did not know whether his fellow clerk followed the proper procedures. [Criminal Action No. 3:02-cr-131, Court File No. 30, Transcript of Evidence at Trial, pp. 25-26]. Petitioner has failed to demonstrate ineffective assistance of counsel with respect to Mr. Dykes' testimony.

Likewise, the copy of the pawn ticket was properly admitted into evidence. *See* Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."). Accordingly, the district court did not err by allowing into evidence the copy of pawn ticket and counsel's failure to file a motion to suppress did not constitute ineffective assistance of counsel. Similarly, counsel was not ineffective by failing to raise

7

the issue on appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

Finally, petitioner alleges that counsel failed to file a motion for judgment of acquittal on the grounds that the evidence was insufficient to support the conviction. In order to demonstrate insufficient evidence, a defendant must show "that upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). There is nothing in the record to suggest that the evidence was not sufficient to convict petitioner, and thus his attorney was not ineffective in failing to move for a judgment of acquittal.

> Failing to make a motion for a judgment of acquittal that had no chance of success fails both prongs [of *Strickland*]. First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.

*United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) (footnote omitted).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*. He has likewise failed to demonstrate error on the part of the district court that would entitle him to relief.

IV.   Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will

**CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

  **AN APPROPRIATE ORDER WILL ENTER.**

                s/ Leon Jordan
                United States District Judge